LOUIS E. YADWIN ET AL., APPELLANTS, v. JOHN G. ARNOLD ET AL., RESPONDENTS.

Submitted March 22, 1920—Decided June 14, 1920.

Authority given a real estate broker by the landowner to sell land, for which he is to be paid an agreed commission, does not, standing alone, and without other evidence of authority, permit an inference that the authority extends to the making of a written contract of sale in the name of the owner, so as to bind him to convey.

On appeal from the Union County Circuit Court.

For the appellants, *Stamler & Stamler.*

For the respondents, *Foster M. Voorhees* and *Francis A. Gordon.*

The opinion of the court was delivered by

BERGEN, J. The defendants, the landowners, signed and delivered to a real estate broker the following writing: "I authorize Mr. S. Merlis to sell my property, house and lot, known as No. 1145 Elizabeth avenue, for the sum of $6,500, subject to a mortgage for $9,500, in all for $16,000 free and clear of all encumbrances to date, a commission of 2 1/2 per centum to pay Mr. S. Merlis for selling the same, this option is good for 10 days."

Four days later, and without defendants' knowledge, Merlis executed a contract of sale of the land with the plaintiffs which the defendants refused to recognize when it came to their knowledge, and plaintiffs then brought this suit to recover damages for an alleged breach of that contract. When the case was closed the court took the case from the jury, and after considering the questions of law involved, there being no disputed facts, found for defendants, and from the judgment entered thereon plaintiff has appealed. The only matter

argued was whether, under a proper construction of the foregoing writing, Merlis was authorized to make the contract for sale, which is the basis of this action. There was no evidence offered by the plaintiff of any authority given Merlis to make a contract for the landowners except the writing, nor was its lack supplied by the defendants' proofs. It has been quite uniformly held by the courts of this state that an authority to sell given to a real estate broker, at an agreed commission, standing alone without other evidence of authority or ratification, does not permit an inference that the authority extends to the making of a written contract of sale by the broker in the name of the owner so as to bind him. *Morris* v. *Ruddy,* 20 *N. J. Eq.* 236; *Marsh* v. *Buchan* (*Court of Errors and Appeals*), 46 *Id.* 595, 600; *Lindley et al.* v. *Keim et al.,* 54 *Id.* 418; *Stengel* v. *Sergeant,* 74 *Id.* 20. We are satisfied that the writing under consideration does not grant authority to the broker to bind the defendants by a contract to sell, but was limited to procuring a purchaser, for which the broker was to be paid a stipulated commission. For these reasons the judgment should be affirmed, with costs, and it is so ordered.

*For affirmance* — THE CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.

*For reversal*—None.